UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMANDA WEST and PRISCILLA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXAMSOFT WORLDWIDE, INC., a Florida corporation,<br><br>Defendant. | Civil Action No. 1:14-cv-22950-UU |

**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Amanda West and Priscilla Perez ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against ExamSoft Worldwide, Inc. ("Defendant" or "ExamSoft") for problems associated with its SofTest program used for state bar exams, and make the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record:

**PRELIMINARY STATEMENT**

1.  ExamSoft is a computer software corporation specializing in computerized assessment and assessment administration programs.

2.  ExamSoft explains that it "was founded in 1998 to give exam takers the convenience of using their own computers to take their exams, while providing administrators the comfort of knowing exam integrity would be maintained. We're committed to providing the best computer-based testing technology on the market and improving the exam experience for everyone involved." <http://learn.examsoft.com/exam-takers> (last visited, Aug. 9, 2014).

1

3. ExamSoft offers assessment-management software that supports the entire testing process, including exam creation, administration, delivery, scoring, and analysis.

4. ExamSoft's Uploading Network ("ExamSoft's Uploading Network") includes its website, it software programming, it servers, its databases, and other computer components.

5. ExamSoft is the main provider of bar exam software for nearly ninety percent of the country. When exam takers are finished with the the day's bar exam, they use the "SofTest" program to upload their answers to Defendant ExamSoft's Uploading Network. It charges fees up to $150.00 for exam takers to use this SofTest program.

6. The Board of Law Examiners in many states contracts with ExamSoft to provide technology in administering its bar exams.

7. ExamSoft claims that "SofTest is a high stakes assessment program developed and licensed by ExamSoft that enables applicants to securely take examinations downloaded to their own laptop computers by blocking access to files, programs and the Internet during the bar exam." <http://go.examsoft.com/barexam> (last visited Aug. 9, 2014).

8. ExamSoft makes the following representations about "SofTest": "Taking some of the stress out of the examination process" and "You focus on the test. We'll focus on the rest." <http://learn.examsoft.com/exam-takers> (last visited Aug. 9, 2014). It also identifies the following key benefits for exam takers: "use your own laptop; organize your thoughts quickly and efficiently; type your answers instead of writing them by hand; easily navigate the exam and tag your answers for review, and **take some of the stress and fatigue out of exam day**." (*Id.*)

9. In touting the reliability of SofTest, ExamSoft claims that "[o]ver 8,000,000 exams have been successfully administered using SofTest. SofTest is used by over 43 State Supreme Courts for delivery of the Bar and Legal Specialization exams and at almost 600 colleges and universities." (http://go.examsoft.com/barexam, last visited, August 9, 2014).

10. Nevertheless, despite ExamSoft's representations about its software, ExamSoft users experienced a severe technical breakdown on or about July 29, 2014, leaving Plaintiffs and

the members of the Class alleged herein unable to upload their bar exam and, therefore, unable to complete that part of the bar exam.

11. At all times relevant to this Complaint, ExamSoft knew the precise number of people who had paid for and installed the SofTest program in order to take their respective state bar exams on July 29, 2014.

12. Plaintiffs and Class were told that **they had to upload their exam answers by a time certain. If they did not upload their exam answers within this deadline they would receive a zero for that portion of the bar exam**.

13. When Class members finished the written part of the bar exam and tried to upload their responses to the exam, following the instructions provided by ExamSoft, many Class members were met with the below error message:



14. In addition to this error message, exam takers were not notified whether their answers had been uploaded, and/or were given confusing and/or contradictory emails about whether their answers had been uploaded. Plaintiffs and the Class also had a complete inability to verify whether their exams were submitted before state-mandated deadlines.

3

15. The bar associations in nearly twenty states were left with no choice but to extend their submission deadlines.

16. The ExamSoft Uploading Network crashed because it had an insufficient infrastructure and/or lack of servers or server space to process the foreseeable number of exam takers who were uploading their exams on or about July 29, 2014, and as a result, were unable to process the thousands of bar exam answers in a reliable and timely way.

17. ExamSoft knew exactly how many applicants were going to take the July 2014 exam, but failed to design, maintain and/or improve the infrastructure of its ExamSoft Uploading Network to sufficiently and adequately service the applications, including by failing to add more servers or allocating enough server space to handle the increased submissions from exam takers.

18. As a result of ExamSoft's failure to have a properly functioning upload network, Plaintiffs and the Class did not receive what they paid for and, instead, spent valuable preparation and/or relaxation time in between exam days contending with the technical problems created by ExamSoft's wrongdoing.

19. Plaintiffs and the Class paid ExamSoft for a program intended to and advertised as though it would allow for the convenient and timely submissions of bar exam responses.

20. ExamSoft's program did not work, did not deliver the promised representations, and Plaintiffs and Class were deprived of the significant value of the product for which they paid.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction in this action under 28 U.S.C. § 1332(d)(2) because this is a class action in which the matter in controversy exceeds $5,000,000, there are in excess of 100 class members, and some members of the Class are citizens of states different from Defendant.

22. This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation and is authorized to conduct, has conducted, and does conduct business within the State of Florida and within this judicial District.

23. Venue is proper under 28 U.S.C. § 1391(a) and (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district and Defendant resides and has its principal place of business in this District.

## PARTIES

24. Plaintiff, Amanda West, is a resident of the state of Minnesota.

25. Plaintiff, Priscilla Perez, is a resident of the state of Florida.

26. Defendant, ExamSoft Worldwide, Inc., is a corporation existing under the laws of the state of Florida with its principal place of business located at 6400 Congress Avenue, Suite 1050, Boca Raton, Florida 33487.

27. Defendant regularly conducts business throughout this District, the State of Florida, and the United States.

## FACTUAL BACKGROUND

28. Plaintiffs paid ExamSoft money to download and use SofTest to take the written portion of the state bar exams in their respective states of residence.

29. Plaintiffs took their respective states' portion of bar exam on or about July 29, 2014. Ms. West took the Minnesota portion and Ms. Perez took the Florida portion.

30. When Plaintiffs attempted to submit their bar exam responses, SofTest failed to work.

31. In the case of Ms. Perez, she was unable to upload her responses to the exam until 6:15 a.m. the next day.

32. Ms. West received never received any notification at all that one of her responses was uploaded, and was not able to confirm that it had uploaded until approximately 2:00 a.m. the next day, through Defendant's website, which she had been checking regularly to no avail before then.

33. Because Plaintiffs could not upload their exam responses prior to the original state-imposed deadline for their respective states because of ExamSoft's wrongdoing and as the

use of the program was extremely problematic, Plaintiffs were damaged in that they did not receive the actual value of what they paid for the SofTest product.

34. Plaintiffs utilized ExamSoft's SofTest product to submit their bar exam responses in a timely and stress-free manner upon finishing the bar exam. Unfortunately, due to the failures of the product or its application, Plaintiffs paid ExamSoft money to use SofTest that failed to properly function. Had they known about the product's failures or defects, they would have submitted their exam responses by hand.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a Class and Subclass defined as follows:

> *Class*: All individuals in the United States who (1) took the bar exam on July 29, 2014; and (2) who paid to use ExamSoft's SofTest product to submit their bar exam responses.
>
> *Florida Subclass*: All individuals in the Class who are domiciled in the state of Florida.
>
> Excluded from the Class and Florida Subclass are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiffs' counsel and Defendant's counsel.
>
> *Minnesota Subclass*: All individuals in the Class who are domiciled in the State of Minnesota.
>
> Excluded from the Class and Minnesota Subclass are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives,

successors, or assigns of any such excluded person; and (5) Plaintiffs' counsel and Defendant's counsel.

36. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs reasonably estimate that there are thousands of purchasers of ExamSoft's SofTest product.

37. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

    a. Whether Defendant has engaged in conduct which is unfair, deceptive and/or unconscionable in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Statute § 501.201, et seq. ("FDUTPA");

    b. Whether Defendant has engaged in deceptive trade practices in the course of its business in violation of Minnesota's Deceptive Trade Practices Act, Minn. Stat. 325D.44 ("MDTPA");

    c. Whether Defendant's made material omissions or engaged in deceptive practices with the intent that others would rely thereon in connection with its sale and use of the SofTest product, in violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69 ("CFA");

    d. Whether Defendant omitted the true quality of its SofTest product;

    e. Whether Defendant represented that its SofTest product had characteristics and benefits it did not have;

    f. Whether Defendant has been unjustly enriched;

    g. Whether the members of the Class have been injured by Defendant's conduct;

    h. Whether Plaintiffs and the Class are entitled to relief, and the amount and nature of such relief; and

7

i. Whether Plaintiffs and the Class are entitled to declaratory and injunctive relief; and

j. Whether the choice of law provision regarding the applicability of Florida laws which is contained in the contracts at issue applies to the claims of the class.

38. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendants' unlawful conduct.

39. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs' Counsel is competent and experienced in litigating class actions.

40. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

41. Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2). Defendant's omissions are uniform as to all members of the Class. Defendant has refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## COUNT I

## Violation of Florida Deceptive and Unfair Trade Practices Act

### (On Behalf of Plaintiff Priscilla Perez, the Class and the Florida Subclass)

42. Plaintiff Priscilla Perez repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

43. Plaintiff Perez brings this claim individually and on behalf of the Class and Florida Subclass.

44. The FDUTPA was enacted to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

45. Plaintiff Perez and the Class are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

46. Defendant violated and continues to violate the FDUPTA by engaging in the described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq.* Defendant's described affirmative misrepresentations, omissions, and practices were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

47. Defendant violated the FDUPTA by omitting the fact that the SofTest program would not allow consumers—including Plaintiff Priscilla Perez, the Class and the Florida Subclass—to upload their responses in a timely, reliable and stress-free manner.

48. ExamSoft's ability to reliably, timely and in a stress-free manner upload exam responses was a material selling point of the SofTest program, and a key reason to purchase Defendant's products over other alternatives (such as choosing to hand write exam responses).

49. Had Plaintiff Perez, the Class and the Florida Subclass known of Defendant's inability to upload their exam results in a timely and reliable manner they would not have purchased the SofTest program.

50. By omitting the fact that its product would not act in a reliable and timely manner in uploading exam results, Defendant violated the FDUPTA.

51. Plaintiff Perez, the Class and the Florida Subclass reasonably relied upon Defendant's omissions in paying to purchase Defendant's SofTest program and using it on Exam Day.

52. Defendant's omissions regarding SofTest's ability to reliably and timely upload exam results was an act likely to mislead Plaintiff Perez and the members of the Class and

Florida Subclass acting reasonably under the circumstances, and constitutes an unfair and deceptive trade practice in violation of the FDUPTA.

53.    Defendant knew or should have known that it had kept highly relevant and material information—namely, information regarding how ill-prepared for Exam Day the SofTest product was—from its customers, and therefore violated the FDUPTA.

54.    As a direct and proximate result of Defendant's violation of the FDUPTA, Plaintiff Perez and each Class member and Florida Subclass member have suffered harm in the form of monies paid to Defendant.

55.    Plaintiff Perez, the Class and the Florida Subclass also seek equitable relief and to enjoin Defendant on the terms that the Court considers reasonable.

56.    In addition, Plaintiff Perez, the Class and the Florida Subclass seek reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT II

## Violations of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69

### (On Behalf of Plaintiff Amanda West and the Minnesota SubClass)

57.    Plaintiff Amanda West repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

58.    Plaintiff West's claim inures to the public benefit, and so under Minnesota's private-attorney general statute, Minn. Stat. § 8.31, subdiv. 3a, Plaintiff is authorized to bring action under § 325F.69 to recover damages, costs, and disbursements, including reasonable attorney's fees.

59.    Minn. Stat. § 325F.69, subdivision 1 (2008) provides: "The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70."

60. Defendant's SofTest program and service of uploading exam bar answers both of which fall within the meaning of "merchandise" under Minn. Stat. § 325F.68, subd. 2.

61. Material omissions stand as violations of Minnesota's consumer protection statutes. Plaintiff West and Minnesota Subclass members need not affirmatively establish subjective reliance upon an omission.

62. As described more fully herein, Defendant omitted the fact to Plaintiff West and the Minnesota SubClass that the SofTest program would not allow consumers to upload their bar responses in a timely, reliable stress-free manner and/or ExamSoft's Uploading Network lacked sufficient capacity (servers and/or server space) to timely and reliably upload Plaintiff West and the Minnesota Subclass's bar answers.

63. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff West and Minnesota SubClass members sustained damages and are entitled to injunctive and equitable relief and an award of attorneys' fees pursuant to Minn. Stat. § 8.31, subd. 3a.

## COUNT III

## Violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13
## (On Behalf of Plaintiff and the Minnesota Subclass)

64. Plaintiff Amanda West repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

65. Plaintiff West's claim inures to the public benefit, and so under Minnesota's private-attorney general statute, Minn. Stat. § 8.31, subdiv. 3a, Plaintiff West is authorized to bring action under § 325D.13 to recover damages, costs, and disbursements, including reasonable attorney's fees.

66. Minnesota Statutes § 325D.13 provides: "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise." Consumer protection laws of other states make similar conduct unlawful.

67. Defendant misrepresented by omission the true quality of its SofTest program and ExamSoft's Uploading Network; that is, it materially omitted that its SofTest program would not allow consumers to upload their bar responses in a timely, reliable and stress-free manner, as explained above, constituting unlawful trade practices in violation of Minn. Stat. § 325D.13.

68. As a direct, proximate and foreseeable result of Defendant's conduct in violation of Minnesota's Unlawful Trade Practices Act, Minn. Stat. § 325D.13, Plaintiff West and Minnesota Subclass members sustained damages and are entitled to injunctive and equitable relief and an award of attorneys' fees pursuant to Minn. Stat. § 8.31, subd. 3a.

## COUNT IV

**Violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44**

**(On Behalf of Plaintiff and the Minnesota Subclass)**

69. Plaintiff West repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

70. This cause of action is for deceptive trade practices as listed above, pursuant to Chapter 325D, Section 44, of the Minnesota Statutes.

71. Plaintiff West's claim inures to the public benefit, and so under Minnesota's private-attorney general statute, Minn. Stat. § 8.31, subdiv. 3a, Plaintiff West is authorized to bring action under § 325D.44 to recover damages, costs, and disbursements, including reasonable attorney's fees.

72. In the course of it business, Defendant represents that its goods have characteristics, ingredients and benefits that they do not have, and is representing that its goods are of a particular standard, quality or grade, of which they are not. ExamSoft represented to Plaintiff and the Class that its SofTest program would allow consumers to upload their bar responses in a timely, reliable and stress-free manner when that was not the case because ExamSoft's Uploading Network was entirely insufficient for reasons stated herein.

73. Defendant's acts constitute Deceptive Trade Practices in violation of Chapter 325D, Section 44, of the Minnesota Statutes, and Plaintiff West and the Minnesota Subclass are

12

entitled to injunctive relief and to monetary damages in an amount as yet undetermined but to be proven at trial.

74. Plaintiff has no adequate remedy at law, and Defendant's acts will cause Plaintiff West to suffer irreparable harm, and Plaintiff West will continue to be irreparably harmed, unless and until Defendant's conduct is enjoined by this Court pursuant to Chapter 325D, Section 45, of the Minnesota Statutes.

75. Defendant's acts are willful, and Plaintiff West is entitled to costs and reasonable attorneys' fees pursuant to Chapter 325D, Section 45, of the Minnesota Statutes in an amount to be determined at trial.

## COUNT VII

### Breach of Contract

### (On Behalf of both Plaintiffs and the Class)

76. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

77. In order to download and use Defendant's SofTest product, Plaintiffs and the Class entered into a contract whereby they would pay Defendant money and Defendant agreed to provide a product that would timely and reliably upload bar exam results.

78. Defendant materially breached this contract by failing to provide a product that timely reliably and in a stress-free manner uploaded Plaintiffs and Class members' bar exam answers. Plaintiffs and Class members fully performed their portion of the contract by paying Defendant the listed sale price for the SofTest program.

79. As a direct and proximate result of Defendant's misconduct and breach of contract, Plaintiffs and Class members suffered harm in the form of monies paid. Plaintiffs and Class members did not receive the benefit of the bargain for which they contracted and for which they paid money.

## COUNT VII

### Assumpsit

### (On Behalf of Plaintiffs and the Class)

80. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

81. Defendant knowingly profited from the sale of its SofTest program to Plaintiffsand Class members.

82. Plaintiffs and the Class conferred a benefit upon Defendant. Defendant received and retained money belonging to Plaintiffs and the Class as a result of its unlawful conduct described herein.

83. Defendant appreciates or has knowledge of the benefit conferred upon it by Plaintiffs and the Class.

84. Under principles of equity, Defendant should not be permitted to retain the money belonging to Plaintiffs and the Class that it unjustly received as a result of its unlawful conduct described herein.

85. Plaintiffs and the Class have suffered damages as a direct result of Defendant's unlawful conduct described herein.

86. Plaintiffs, on their own behalf and on behalf of the Class, seek restitution of the proceeds Defendant received as a result of its unlawful conduct described herein, as well as attorneys' fees and costs.

## COUNT VIII

### NEGLIGENCE

### (On Behalf of both Plaintiffs and the Class)

87. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

88. By accepting payment from Plaintiffs and the Class, Defendant assumed a duty to operate its ExamSoft's Uploading Network for its SofTest program, so that Plaintiffs and Class

could timely, properly and in a stress-free manner upload their exam answers for the respective state bars.

89.     Defendant owed a duty to Plaintiffs and the Class to use and exercise reasonable and due care in the creation and maintenance of the infrastructure for ExamSoft's Uploading Network for its SofTest program, including having the website, servers, and other components necessary to timely upload the expected number of Plaintiffs and Class Members' exam answers.

90.     Defendant breached its duties by failing to adequately design, maintain, update or improve its systems, including but not limited to having an inadequate infrastructure and/or lack of servers and/or server space for the foreseeable number of exam answers that were uploaded on or about July 29, 2014, and as a result, Plaintiffs and the Class were unable to upload in a timely fashion their answers to the bar exam.

91.     Defendant knew, or, with the reasonable exercise of care, should have known, of the risks inherent in running ExamSoft's Uploading Network to upload the foreseeable number of exam takers are answers.

92.     As a direct and proximate result of Defendant's carelessness and negligent conduct, Plaintiffs and the Class suffered a substantial failure in their functional use of Defendant's product which they had purchased.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the Class and SubClasses proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A.      Declaring that this action is a proper class action, certifying the Class and SubClasses, as requested herein, designating Plaintiffs as Class Representatives, and appointing the undersigned counsel as Class Counsel;

B.      Ordering Defendant to pay actual damages and equitable monetary relief to Plaintiffs and the other members of the Class, in amount equal to the amounts of money paid by Plaintiff and the member of the Class;

  C. Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

  D. Ordering Defendant to pay attorneys' fees and litigation costs;

  E. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

  F. Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of their claims to the extent authorized by law.

Dated: August 21, 2014

/s/ John A. Yanchunis
John A. Yanchunis, FBN: 0324681
Tamra Givens, FBN: 0567538
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
T: (813) 223-5505; F: (813) 223-5402
E: JYanchunis@ForThePeople.com
 TGivens@ForThePeople.com

Tina Wolfson
twolfson@ahdootwolfson.com
Robert Ahdoot
Theodore W. Maya
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111
Fax: 310-474-8585

Counsel for Plaintiffs