IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE No. 14-CV-22950-UU

AMANDA WEST, PRISCILLA PEREZ,
PHILLIP LITCHFIELD, MICHAEL CASNER,
STANLEY CONSTANTINE, SEAN WHATLEY,
CHRISTOPHER DAVIS, CATHERINE
BOOHER, RAVINDER RANGI, and MELISSA
C. MACIAS individually and on behalf of all
others similarly situated,

        *Plaintiffs,*

v.

EXAMSOFT WORLDWIDE INC.,

        *Defendant.*
_____/

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING
SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES,
APPOINTING CLASS COUNSEL, AND APPROVING THE NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *West, et al. v. ExamSoft Worldwide, Inc.*, 14-cv-22950-UU (S.D. Fla.) (the "*West* Action"); and

WHEREAS, four (4) other materially identical putative class actions brought against Defendant ExamSoft by nine (9) other named plaintiffs (collectively, with Plaintiffs in this action, the "Named Plaintiffs") have been filed in various federal courts across the nation; and

WHEREAS, on May 4,, 2015, Plaintiffs in this action filed a Second Amended Class Action Complaint to name plaintiffs in the other actions as named-parties in this Action;

WHEREAS, the Named Plaintiffs and Defendant have entered into a Settlement Agreement dated May 4, 2015, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this Action and the Related Actions with prejudice upon the terms and conditions set forth therein (the "Settlement

1

Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement and dismissal of the Actions with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys with the assistance of a neutral mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets

all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Certification of the Settlement Class**

4. For purposes of settlement only: (a) John Allen Yanchunis Sr. of Morgan & Morgan, Jay Edelson of Edelson PC, Gretchen Freeman Cappio of Keller Rohrback L.L.P, Benjamin F. Johns of Chimicles & Tikellis LLP, and Tina Wolfson of Ahdoot & Wolfson, PC, are appointed Class Counsel for the Settlement Class; and (b) Amanda West, Priscilla Perez, Phillip Litchfield, Michael Casner, Stanley Constantine, Sean Whatley, Christopher Davis, Catherine Booher, Ravinder Rangi, and Melissa C. Macias are appointed Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that the Class Representatives will adequately protect the interests of the Settlement Class defined below.

5. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement:

> All individuals and entities in the United States and its territories who registered and/or paid to use the Software for the July 2014 Bar Exam, excluding: (a) bar exam takers who exclusively tested in New Jersey, Massachusetts, or the U.S. Virgin Islands (which did not use the Software to test on July 29, 2014); (b) bar exam takers who never uploaded any actual (as opposed to mock) July 2014 Bar Exam files; and (c) bar exam takers who uploaded all of the July 28 and/or July 29, 2014 Bar Exam files by 5:52 PM EDT on July 29, 2014 and for whom there is no record of a failed attempt to upload prior to that time on July 29, 2014.

Also excluded from the Settlement Class are (d) any Judge or Magistrate presiding over this action and members of their immediate families; (e) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant

or its parents have a controlling interest, and any of their current or former officers, directors, employees, representatives, managers, members, and any other Person acting for or on behalf of Defendant; (f) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (g) the legal representatives, successors or assigns of any such excluded Persons.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (i.e., whether Defendant has engaged in unfair, deceptive, untrue or misleading advertising, whether Defendant has violated Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201, *et seq.*, whether Defendant has been unjustly enriched, whether Settlement Class Members have been injured by Defendant); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Actions.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the

propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B and C, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Court also approves the Validation Letter as set forth in the Settlement Agreement and Exhibit D. The Parties, by agreement, may revise the Notice, Claim Form, and Validation Letter in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Gilardi & Co. LLC as Settlement Administrator of the Settlement Agreement.

10. Pursuant to Paragraph 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website prior to any dissemination of the Summary Notice, to send direct notice via email in accordance with

the Notice Plan called for by the Settlement Agreement no later than fourteen (14) days after Defendant provides the Potential Class Member List, and twenty-eight (28) days following the entry of this Order. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11. Settlement Class Members who wish to receive a payment under the Settlement Agreement must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the date of the entry of the Final Judgment.

12. Settlement Class Members who wish to exclude themselves from the Class may do so on or before the Exclusion Deadline of forty-five (45) days after the Notice Date and must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. So called "mass" or "class" opt-outs shall not be allowed.

14. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Actions with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the service awards to the Class Representatives as set forth in the Notice. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

16. To object, Settlement Class Members must sign and file a written objection no later than on or before the Objection Deadline of forty-five (45) days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, including (i) the Class member's full name, address, and ExamSoft Login ID; (ii) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); (iii) a statement that he, she, or it is a Settlement Class Member and provide the full name and email address used to register in order to use the Software in connection with the July 2014 Bar Exam; (iv) the U.S. State in which the July 2014 Bar Exam was taken; (v) a statement as to whether he/she/it is represented by counsel; (vi) a statement identifying any and all other class action lawsuits to which the objector and/or his/her/its counsel has filed an objection. If the objector is represented by an attorney, they must also include with their objection (i) a statement as to whether the attorney has previously represented objectors in class action(s), and if so, the outcome of each case, including the effect that any objection had on the class action case and how much the attorney was paid for the representation of each objector in each class action case; (ii) a statement signed personally by the Class Member, even if the

Class Member employs an attorney to prepare the written objection, attesting that the Class Member discussed the objection with his/her/its counsel and has fully reviewed the objection; (iii) a statement whether the objector intends to appear at the Final Approval hearing with or without counsel; and (iv) a statement providing three dates when the objector is available to be deposed at least fourteen (14) business days before the Final Approval Hearing. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18, below.

17. To be valid, objections must be filed with the Court through the Court's CM/ECF system and sent to Plaintiffs' Counsel and Defendant's Counsel as follows:

**To Class Counsel:**

John A. Yanchunis
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

**To Defendant's Counsel:**

Jay P. Lefkowitz, P.C.
Joseph Serino Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Kristin Sheffield-Whitehead
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on October 9, 2015

at \_10:30 a.m_ *[suggested date of 90 days after entry of the preliminary approval order]* in Courtroom 12-4 of the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128 to determine (a) whether the proposed settlement of this Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of Attorneys' Fee and Expense Award to Class Counsel; and (d) whether to approve the payment of the Service Awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Class Counsel shall file papers in support of their Attorney Fee and Expense Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court fourteen (14) days before the Objection Deadline. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on \_September 14\_, 2015.

**Further Matters**

20. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21. Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

22. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the

9

Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

23. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the Attorney Fee and Expense Award, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any Person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED, this 12 day of May, 2015.

Enter: /s/ Ursula Ungaro
The Honorable Ursula Ungaro
United States District Court Judge