IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CV-22950-UU

AMANDA WEST, PRISCILLA PEREZ,
PHILLIP LITCHFIELD, MICHAEL CASNER,
STANLEY CONSTANTINE, SEAN WHATLEY,
CHRISTOPHER DAVIS, CATHERINE
BOOHER, RAVINDER RANGI, and MELISSA
C. MACIAS individually and on behalf of all
others similarly situated,

   *Plaintiffs*,

 *v.*

EXAMSOFT WORLDWIDE INC.,

   *Defendant*.

_____

### FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING SERVICE FEES TO CLASS REPRESENTATIVES, AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES TO CLASS COUNSEL, AND DISMISSING THE CASE WITH PREJUDICE

  This matter came before the Court on Plaintiffs' Unopposed Motion for Final Order Approving the Settlement Agreement (D.E. 55) and Plaintiffs' Unopposed Motion for An Award of Attorneys' Fees, Costs and Expenses and Service Award to Class Representatives and Memorandum of Points in Support Thereof (D.E. 44). The "Settling Parties" consist of Class

Representatives ("Plaintiffs" or "Class Representatives")[1] and Defendant, Examsoft Worldwide, Inc. ("Defendant"). For purposes of this Final Judgment, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Parties' Settlement Agreement.

On May 5, 2015, Plaintiffs filed their Motion for Preliminary Approval asking the Court to approve a proposed Settlement Agreement and Release ("Settlement Agreement") (D.E. 34). On May 12, 2015, the Court conditionally certified the Settlement Class and preliminarily approved the Settlement Agreement (D.E. 37). The Parties now seek final approval of the Settlement Agreement. The Class Representatives also seek approval of a service award to the Class Representatives and attorneys' fees, costs and expenses for Class Counsel, to which Defendant has agreed not to object, up to the amount requested in the application (D.E. 44). A Final Fairness hearing was held on all of these issues on October 9, 2015 ("Fairness Hearing").

The Court has considered evidence including: (i) all motions, memoranda and papers filed in support of the Settlement Agreement and seeking Service Awards, and an award of attorneys' fees, costs and expenses and; (ii) the declarations of Class Counsel, Mediator Rodney A. Max of Upchurch Watson White & Max, and Kathleen Wyatt of Gilardi & Co., LLC; (iii) the response from Settlement Class Members to the Settlement; and (iv) arguments of counsel for the Named Plaintiffs and counsel for Defendant.

For the reasons set forth below, the Court continues and makes final its certification of the Settlement Class, approves the Settlement Agreement, approves the Service Awards to the Class Representatives in the amount of $1,000.00 each; and approves attorneys' fees and costs to Plaintiffs' counsel in the amount of $600,000.00. Being otherwise fully advised in the premises, the Court orders and adjudges as follows:

---

[1] The Class Representatives are Priscilla Perez, Phillip Litchfield, Michael Casner, Sean Whatley, Christopher Davis, Catherine Booher, Ravinder Rangi, and Melissa C. Macias. Named Plaintiffs Stanley Constantine and Amanda West are not Class Representatives (D.E. 44 at 18).

2

I.       HISTORY OF THE LITIGATION

Five materially identical class action lawsuits were filed in different federal courts around the country.[2] These five cases—brought by ten different plaintiffs—arose out of a series of technical problems experienced during the written portion of the July 2014 Bar Exam in forty-three states. Tens of thousands of bar exam takers paid between $100-150 for a license to use ExamSoft's Software, SofTest, to type the essay portion of the exam on their own laptop computers. The Software was supposed to work by essentially locking exam takers' computers—thus preventing exam takers from accessing the Internet, notes, and other material on their computers—while allowing exam takers to type their answers instead of handwriting them. At the end of the testing day, exam takers were required to upload their answers to ExamSoft's system so they could be kept safely and distributed to the test graders. Each of the state bar examiners required strict deadlines by which the exams were to be uploaded, under penalty of not receiving credit for the written portion of the exam.

The Class Representatives allege that when the exam takers attempted to upload their answers to ExamSoft's system after the first day of the July 2014 Bar Exam—as required by the bar examiners—ExamSoft's systems failed, and prevented examinees from turning in their answers in a timely fashion as instructed. This meant that test takers did not get the value of the Software that they paid for. Additionally, instead of preparing for the second day of the bar exam, exam takers frantically attempted to upload their answers for hours, not knowing what happened to their exams, if they would be able to upload them before the deadlines established by the bar examiners, or if their answers had disappeared entirely.

Although most examinees were eventually able to upload their exams shortly before the

---

[2] As stated in the Settlement Agreement at p. 4, note 3, a sixth action captioned as *Maya Dillard Smith, et al. v. ExamSoft Worldwide, Inc.,* 3-14-cv-03590 (N.D. Cal.) was also filed, and is currently stayed. Plaintiff Smith included individual causes of action in her complaint, and for that reason, is not participating as a Plaintiff, Class Representative, or Named Plaintiff in this Settlement. Ms. Smith has timely opted out of the Settlement, as reflected in Exhibit A.

bar examiners' deadlines passed—in large part because many states' bar examiners had to make last-minute extensions to the deadlines for uploading—the impact on exam takers was significant, as it added to the extraordinary stress that already permeates the bar exam process. Further, many SofTest users whose answers were uploaded on time were not able to confirm such success due to the general failure of ExamSoft's system that evening, again resulting in extreme stress.

As a result of ExamSoft's alleged Software malfunction, the ten Class Representatives filed five materially identical class actions between August 4 and 15, 2014, which are presently pending in four different district courts. While most of the Actions were filed separately by different law firms, counsel for the Class Representatives agreed early in the process to work together cooperatively for the benefit of the Class Representatives, the Class, and the courts. The Class Representatives in each of the Actions subsequently agreed to extend Defendant's time to answer or otherwise respond to the complaints in order to allow the Parties to engage in an informal discussion regarding their respective views of the claims and defenses at issue, and the potential for global resolution of the Actions. Additionally, on May 4, 2015, Plaintiffs West and Perez amended their complaint to add the plaintiffs in the other actions as named parties in this Action.

After almost a year of litigation and mediation, the Named Plaintiffs reached a settlement with Defendant that is the subject of this Final Judgment.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   THE SETTLEMENT AGREEMENT

Under Rule 23(e), the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Factors to consider in determining whether a settlement is fair, reasonable, and adequate include: "(1)the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a

settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984). In considering whether the proposed settlement should be approved as fair, reasonable, and adequate, the Court considered these factors as well as the absence of any collusion and the judgment of experienced counsel for the parties. *Id*.; *Lipuma v. Am. Express Co.,* 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005).

Beginning with the likelihood of success at trial, the Court finds that Plaintiffs' likelihood of success is not certain in this case. Aside from the challenges to arbitration and class certification, the issues of causation and damages were also challenges. Absent settlement, an expensive and time-consuming trial on the merits is the only way that these issues can be resolved. Thus, the Court concludes that because success at trial is not certain for Plaintiffs, this factor weighs in favor of accepting the settlement.

"The second and third considerations of the *Bennett* test are easily combined." *Behrens v. Wometco Enterprises, Inc.,* 118 F.R.D. 534, 541 (S.D. Fla. 1988). In terms of the range of possible recovery, the settlement provides a mechanism, with limits, for class members to obtain monetary relief in a range of 60 to 80 percent of the sums paid for the use of Defendant's software. Accordingly, the Court finds the proposed settlement is within the range of possible recovery.

As stated in the third *Bennett* factor, even a settlement point below the range of possible recovery may qualify as fair, adequate, and reasonable. *Bennett*, 737 F.2d at 986. In this case, in addition to monetary relief, the Court finds that Defendants' enhancements to its technology and communications practices provide a meaningful benefit to the class.

As to the fourth *Bennett* factor, the Court finds the complexity, expense, and duration of this litigation favors approval of the proposed settlement. As the record itself supports, this is a

5

complex case and there are significant risks of continuing the litigation. Plaintiffs have advanced a number of claims, and Defendant has raised a number of defenses, including arbitration. Continued litigation could potentially have resulted in failure for the Plaintiffs and the Class.

The Court also acknowledges that all of the issues that have been litigated in this case have consumed time, money, and judicial resources of five different courts. If the case were to continue, the Court believes that the Parties would engage in motion practice to address the important issues of arbitration, class certification, and appellate practice. Liability was contested, and causation was less than certain. A trial would have been complicated, expensive, and fraught with risk. Accordingly, even if Plaintiffs were ultimately to prevail, the Settlement Class would only benefit after years of trial and appellate proceedings and the expenditure of significant expense by both sides. Moreover, the benefit obtained might not be any different than the important and significant relief being provided to Settlement Class members through this settlement. Thus, the Court finds that the Settlement Agreement provides the Settlement Class with certainty of result. *See Lipuma*, 406 F. Supp. 2d at 1324 (approving settlement that would "alleviate the need for judicial exploration of these complex subjects, reduce litigation cost, and eliminate the significant risk that individual claimants might recover nothing.") (citation omitted). Therefore, the Court concludes that the fourth *Bennett* factor weighs in favor of the Settlement's approval.

As to the fifth *Bennett* factor, the Court finds that the substance and amount of opposition to the Settlement weighs in favor of the Settlement's approval. Here, no member of the Settlement Class opposes the Settlement, nor have any governmental agencies filed opposition or comment.

As to the sixth *Bennett* factor, the Court finds that while the litigation was not advanced, Class Counsel were armed with sufficient information to put them in a positon to evaluate the respective strengths and weaknesses of each party's position. The Parties and the Court are well

positioned to assess the strengths and weaknesses of this case and the benefits of the proposed settlement.

Importantly, the Court finds that there is no evidence of collusion. The Parties negotiated the resolution of this case at arm's length. During that time, the Parties submitted to mediation before Rodney A. Max. As set forth in his declaration, Mr. Max never witnessed or sensed any collusiveness between the Parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally conducted, was quite adversarial.

Further, the Court is personally aware of the professionalism and integrity of one of the Parties' attorneys John Yanchunis. Class Counsel have provided sworn declarations that an agreement was reached only after considering such factors as: (1) the benefits to Plaintiffs and the Settlement Class; (2) the strength of Plaintiffs' case weighed against the settlement offer; (3) the attendant risks and uncertainty of litigation; (4) the attendant risks and uncertainty of establishing liability and damages; (5) Defendant's vigorous defense of the litigation and continued denial of the claims; and (6) the desirability of consummating this Settlement Agreement promptly to provide monetary relief to the Class. Based on all of these factors and the Court's personal observations, the Court concludes that there is no evidence of collusion here.

Finally, this Settlement Agreement is supported by seasoned counsel for the Parties. The Court finds that Plaintiffs are represented by highly respected attorneys from highly regarded law firms, including attorneys with significant experience in class actions. Similarly, Defendant is represented by leading class action trial lawyers from one of the most respected corporate law firms in the country. The Court finds that the unanimous support of counsel for this Settlement weighs in favor of its approval. Based on the foregoing, the Court concludes that the proposed Settlement is fair, reasonable, and adequate.

## C.     NOTICE

The Court finds that the notice sent to class members satisfies due process. As described in the declaration of Kathleen Wyatt, the class administrator caused notice to be sent by email to the email addresses of all Class members in the possession of Defendant. Moreover, when email notice for some Class members proved undeliverable, the class administrator mailed Postcard Notice via U.S. Mail to the last known mailing address of each of those class members. Only 3.72% of the notices were categorized as undeliverable. The Court finds that class members received adequate notice of the settlement.

As of September 11, 2015, the class administrator had received 5,737 claim forms, a claims rate of approximately 19%. The Court finds that this claims rate supports its conclusion that the settlement is fair, reasonable and adequate, and warrants approval by the Court. The Court also notes that there were no objections to the Settlement – from class members or from Attorneys General, who received notice of the Settlement – and that there were only four timely requests for exclusion received.

Any Claim Form submitted and received on or before **November 23, 2015,** shall be considered timely in accord with the Court's Order preliminarily approving the settlement of this class action. (D.E. 37 at pp. 5 – 10).

## D.     SERVICE AWARDS

The Parties have agreed that the Class Representatives will seek and Defendant will not oppose a Service Award of $1,000 for each of the Class Representatives. The Court finds that $1,000.00 is reasonable and approves the Defendant's payment of such Service Award in the amount of $1,000.00 to each Class Representative.[3]

The Court further finds that the Service Award is not tantamount to a payment for

---

[3] As Plaintiffs pointed out in their Motion for Fees, Expenses and Service Awards, Plaintiffs no longer seek the Service Award for Plaintiffs Stanley Constantine and Amanda West. The Court thus does not approve a Service Award for these Plaintiffs, but does for the remaining Class Representatives.

8

damages; rather the Service Award represents remuneration for the services performed for the benefit of the Settlement Class and reflects the contributions of the Class Representatives to the Class, the duration of the litigation, and the role to the Class in commencing the suit.  Finally, the Court notes that the record is clear that the Class Representatives negotiated the settlement terms before there was a discussion of the Service Award to the Class Representatives and all negotiations were free from fraud or collision.  The evidence was established by the impartial mediator, Rodney A. Max and by Class Counsel. The Court finds that the Service Award of $1,000.00 to each Class Representatives is fair and reasonable given the significant amount of time, work and responsibility that went into this case

E.   **ATTORNEYS' FEES, COSTS, AND EXPENSES**

The Parties agreed in the Settlement Agreement that Class Counsel would seek the Court's approval of an award of attorneys' fees, costs and expenses of $600,000.00, in the aggregate, to be paid by or on behalf of Defendant.  Defendant agreed further to not oppose such amount so long as the application approved by the Court did not exceed the amount of $600,000.00.

The amended complaint on file with the Court advances claims under the Florida Unfair Deceptive Trade Practices Act and various other state consumer protection statutes, each of which permits an award of reasonable attorneys' fees and other litigation costs reasonably incurred to prevailing plaintiffs.  "The court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)(citing *Adams v. Mathis*, 752 F.2d 553, 554 (11th Cir. 1985)).  Even when there is a settlement, as in this case, "the district court has a supervisory role and ultimately must calculate and set the attorneys' fees award up to a maximum of the [negotiated] cap." *Dikeman v. Progressive Exp. Ins. Co.*, 312 Fed. Appx. 168, 172 n.3 (11th Cir. 2008).  "A

district court is not bound by the agreement of the parties as to the amount of attorneys' fees. In fixing the amount of attorneys' fees the court must, of course, take all [appropriate] criteria into account, including the difficulty of the case and the uncertainty of recovery. [The Court] is not, however, merely to ratify a pre-arranged compact." *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980) (internal citations omitted).

Class Counsel has submitted declarations reflecting their respective lodestars. As of June 26, 2015, those declarations state that Class Counsel had spent more than 1,622.1 hours on this case, for a total lodestar of $ 857,983.25. Moreover, their declarations reflect that $28,892.16 in costs and expenses had been expended as of that date. These payments are to be made from the $600,000.00 fee and expense award sought by Class Counsel.

Having considered the *Johnson* factors and the evidence contained in the record, the Court finds that the hours and hourly rates provide a reasonable basis for calculating the lodestar in this case. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). In so finding, the Court notes that this case was novel, that it required significant legal effort and acumen from skilled and experienced counsel, and that counsels' performance in this case has been excellent in the face of stiff and ardent opposition.

According to the declarations of Class Counsel, they incurred $28,892.16 in expenses in litigating this matter. The Court finds that $28,892.16 in costs and expenses are reasonable, and will be awarded as part of the $600,000.00 awarded to Class Counsel.

III.     **FINAL JUDGMENT AND ORDER**

**NOW THEREFORE,** after consideration of all motions, memoranda in support, the declarations, argument of counsel, and being otherwise duly advised in the premises, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion for An Award of Attorneys' Fees, Costs and Expenses and Service Awards to Class Representatives **is GRANTED.** The Court awards $600,000.00 in attorneys' fees and costs to Class Counsel, and a service award in the amount of $1,000.00 to each Class Representative. Defendant shall pay the award of attorneys' fees and expenses to Class Counsel and incentive awards to Class Representatives in accordance with the terms of the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies the following Settlement Class for purposes of effectuating this Settlement:

> All individuals and entities in the United States and its territories who registered and/or paid to use the Software for the July 2014 Bar Exam excluding (a) bar exam takers who exclusively tested in New Jersey, Massachusetts, or the U.S. Virgin Islands (which did not use the Software to test on July 29, 2014); (b) bar exam takers who never uploaded any actual (as opposed to mock) July 2014 Bar Exam files; (c) bar exam takers who uploaded all of their July 28 and/or July 29, 2014 Bar Exam files by 5:52 PM EDT on July 29, 2014 and for whom there is no record of a failed attempt to upload prior to that time on July 29, 2014; (d) any Judge or Magistrate presiding over this action and members of their immediate families; (e) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and any of their current or former officers, directors, employees, representatives, managers, members, and any other Person acting for or on behalf of Defendant; (f) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (g) the legal representatives, successors or assigns of any such excluded Persons.

4. Plaintiffs' Motion for Final Approval of Class Action Settlement and Entry of Final Judgment **is GRANTED.**

5. The Court hereby excludes from the Settlement and the release the persons listed in Exhibit A as the Court finds that these individuals timely opted out of the Settlement. All Parties and Settlement Class Members who did not timely exclude themselves from the Class are hereby bound by the terms and conditions of the Settlement Agreement.

6. The Court expressly approves each and every term contained in the Parties' Settlement. The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Settlement Agreement, including the administration,

11

interpretation, effectuation, and enforcement of the Settlement Agreement and this Final Judgment and Order.

7. The above-captioned case is hereby dismissed with Prejudice.

DONE AND ORDERED in Miami, Florida, this 9th day of October, 2015.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISRICT JUDGE